CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 15 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:18CR00005 |
| v.                          ) | **OPINION AND ORDER** |
| ) | |
| **PETER DYWANE DIXON,**  ) | Judge James P. Jones |
| ) | |
| Defendant.                ) | |

*Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for United States; Peter Dywane Dixon, Pro Se Defendant.*

The defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which Chief Judge Michael F. Urbanski previously denied, has been remanded by the court of appeals at the government's request. I have considered the motion de novo, including the supplemental briefs and evidence submitted by the parties following remand. I find that the defendant has failed to establish an extraordinary and compelling reason justifying a reduction. It is therefore **ORDERED** that the motion, ECF No. 80, is DENIED.

After pleading guilty pursuant to a plea agreement, Dixon was sentenced on February 12, 2019, by the late Senior Judge Jackson L. Kiser to a total term of 84 months imprisonment. This term consisted of 24 months for possession with intent to distribute cocaine and a consecutive 60 months for possession of a firearm in

furtherance of a drug trafficking crime. Dixon, now 42 years old, is currently incarcerated at Bennettsville FCI and has a projected release date of January 20, 2024, having served about 40 percent of his sentence accounting for good time credit. The ground of his motion is the risk posed to him by the COVID-19 pandemic.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

Dixon's medical records reveal that he is obese and has hypertension, factors which increase his risk of serious illness from COVID-19. Despite these health conditions, he contracted COVID-19 in December 2020 and apparently did not experience symptoms. Gov't's Post-Remand Resp. Ex. 1 at 1, ECF No. 132-1. The record contains no evidence that he suffered any complications from the virus.

Dixon's prior infection should provide him with some level of protection against serious illness if he were to become reinfected. Currently available data indicates that while it is possible for a person who has already had COVID-19 to become reinfected, reinfection remains rare. Centers for Disease Control & Prevention, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Oct. 15, 2021). The available evidence suggests that most people who have had COVID-19 have some level of natural immunity following their recovery, although this natural immunity may not be as robust as the protection provided by a vaccine. Centers for Disease Control & Prevention, *New CDC Study: Vaccination Offers Higher Protection than Previous COVID-19 Infection*, https://www.cdc.gov/media/releases/2021/s0806-vaccination-protection.html (last visited Oct. 15, 2021).

Moreover, Dixon's medical records indicate that he denied the offer of a COVID-19 vaccine on two separate occasions. Available data suggest that getting vaccinated is the most effective measure of self-care a person can take to prevent illness or death from COVID-19. *Id.*

Dixon asserts that he declined the offer of a vaccine because he thought he was immune based on his prior infection and because his father-in-law had died of COVID-19 after being fully vaccinated. He argues that the misinformation and lack of credible information surrounding the vaccines justify his refusal. He

further represents that he declined to receive his first vaccine shot due to uncertainty about his ability to receive the second shot.[1]

I find these arguments unavailing. While Dixon may have been confused or ill-informed about the efficacy and safety of the vaccines, he had a responsibility to educate himself and mitigate his own risk. His supplemental brief suggests that he has access to accurate information now, and yet it appears that he still has not been vaccinated, despite COVID-19 vaccines being widely available to inmates in Bureau of Prisons custody. I therefore conclude that Dixon's fears about COVID-19 do not create an extraordinary and compelling reason for his release.

ENTER: October 15, 2021

/s/ JAMES P. JONES
Senior United States District Judge

---

[1] Dixon also blames his refusal on the government because "if the Government had not misled the Court on Defendant's medical conditions with its Response on August 12, 2020, Defendant could have been granted relief even before he tested positive in December 2020." Reply Opp'n to Post-Remand Resp. 4, ECF No. 137. While this argument is a creative one, I am unpersuaded by it.