CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 18 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 4:18CR00005 |
| v. ) | **OPINION** |
| ) | |
| **PETER DYWANE DIXON,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Peter Dywane Dixon, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

After pleading guilty, the defendant was sentenced by the late Senior District Judge Jackson L. Kiser on February 12, 2019, to a total term of 84 months imprisonment, consisting of 24 months on a lesser included offense of Count One of the Indictment, to be followed by a term of 60 months on Count Two. Count One charged the defendant with possessing with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He pled guilty to possessing a measurable quantity of a mixture containing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1)

and (b)(1)(C). Count Two charged him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

In his § 2255 motion, the defendant contends his counsel provided ineffective assistance in (1) failing to file an appeal after being directed to do so, and (2) misleading him about the terms of his plea agreement and the sentence he would receive, leading him to enter an unknowing and involuntary guilty plea. I held an evidentiary hearing on Ground One and found that Dixon had not instructed his attorney to file an appeal within the time permitted and had not established ineffective assistance of counsel on that ground. ECF No. 131. I took Ground Two under advisement, and this Opinion addresses that ground.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging

any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. Failure of proof on either *Strickland* prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The inquiry is objective — a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

At Dixon's guilty plea hearing, the prosecutor recited the following factual basis for Dixon's guilty plea:

> The police had developed a confidential informant who was familiar with Mr. Dixon and I guess had had dealings with Mr. Dixon in the

- 3 -

> past. And the police used that informant to arrange for Mr. Dixon to come north of North Carolina to deliver a quantity of cocaine powder. What was discussed was either nine ounces or a half kilo, depending. So a number of recorded set-up calls were made. And then there were further calls that were made while Mr. Dixon was on the way up from North Carolina.
>
> He was under surveillance pretty much the whole way north. He made it to the arranged meeting location, and instead of meeting the informant, met the police. When the police came up to him, he was alone in his car. In the passenger seat next to him was nine ounces of cocaine powder, sitting next to the Glock pistol. Under the driver's seat was another half kilo of cocaine powder.

Guilty Plea Hr'g Tr. 17, ECF No. 76. During the guilty plea hearing, the prosecutor advised Dixon that the minimum term of imprisonment was five years and the maximum term was life. *Id.* at 3. Dixon stated that he understood. *Id.* at 4. Dixon stated, under oath, that he had discussed with his attorney the sentencing guidelines and understood that they were persuasive but not binding on the court. *Id.* at 7. He affirmed that he was pleading guilty because he was in fact guilty. *Id.* at 11. Judge Kiser explained that Dixon was waiving his right to appeal, and Dixon stated that he understood. *Id.* at 13-14. Judge Kiser asked Dixon if he understood that "if your sentence is more severe than you expected, you will have no right to withdraw your guilty plea," and he replied that he did. *Id.* at 12. Dixon signed a written consent form that stated, "My plea of guilty is made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed here in open court." *Id.* at 16.

Judge Kiser and Dixon then had the following exchange:

> THE COURT: Mr. Dixon, there's one area I failed to ask you about. Other than the promises made to you in your plea agreement, has anyone, either inside or outside the government, made any promises to you to get you to enter a plea of guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone made any threats against you?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you have any complaints about the manner in which the agents or the attorneys have conducted themselves?
>
> THE DEFENDANT: No, sir.

*Id.* at 16.

The defendant's Guidelines range of imprisonment for the cocaine offense was 37 to 46 months, with a consecutive 60 months for the § 924(c) firearm charge. At sentencing, Dixon's attorney asked the court to sentence him below the Guidelines range to a term of 24 months imprisonment on the cocaine charge. Sent'g Hr'g Tr. 22, ECF No. 64. The government recommended the same. *Id.* at 24. Judge Kiser reiterated this recommendation immediately before giving Dixon the opportunity to speak. In his allocution, Dixon gave no indication that he was expecting a sentence lower than that which his attorney was requesting. *Id.* at 26-27. In fact, he stated, "And I know it's the law, but the firearm with the drugs, that's just, you know, the law." *Id.* at 27. Judge Kiser ultimately handed down the sentence that both Dixon's counsel and the prosecutor had requested.

Dixon now asserts that he only pled guilty because (1) his attorney scared him by telling him that if he were found guilty following a trial, he would receive a sentence of 40 years, and (2) his attorney promised him that if he pled guilty, Judge Kiser would only sentence him to five years and one day. He claims that he did not want to plead guilty because he had been subjected to an illegal search and he wanted to file a motion to suppress the fruits of the search on the ground that "both the agent and the informer had lied about the circumstances surrounding the search and seizure." Supp. § 2255 Mot. 2, ECF No. 71. He does not offer any details about the alleged dishonesty. Dixon further states that he did not want to plead guilty because he was not actually guilty of Count Two, as he had a license to carry the firearm and its presence in the car was a mere coincidence. Dixon alleges that his attorney "scared him by telling [him] that a jury would not believe his word over a government's witness." *Id.* at 5. Finally, Dixon asserts that he would not have pled guilty had he "been made aware that the guily plea would preclude any challenge to the sentence or conviction on appeal." *Id.* at 6.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). All the allegations Dixon makes in support of Ground Two contradict statements he made

during his guilty plea hearing.  He did not contest the facts set forth by the prosecutor at the hearing.  He expressed his understanding of the maximum terms of imprisonment.  He stated that he was pleading guilty because he was in fact guilty.  He said that no one had threatened him or made him any promises.  He stated that he had no complaints about how the agents had conducted themselves.  He affirmed several times that he understood that he was waiving his right to appeal.

Dixon's statements to the contrary in his § 2255 motion are not credible.  This is especially so given his statement, and lack of complaints, during his sentencing hearing.  He expressed no displeasure at his attorney's request for a sentence of 84 months.  He did not ask Judge Kiser for a sentence of five years and one day.  He plainly understood that he was guilty of Count Two based on the undisputed facts — he drove to a drug transaction with a pistol on the passenger seat of the car, easily accessible to him and directly next to the cocaine he intended to sell the informant.

I find that no reasonable defendant would have rejected the favorable plea deal and ultimate below-Guidelines sentence Dixon received in order to pursue the defenses Dixon now raises.  Dixon cites *United States v. Amaya*, 828 F.3d 518, 525–26 (7th Cir. 2016), and *United States v. Duran*, 407 F.3d 828, 840 (7th Cir. 2005), in support of his argument that his possession of the Glock pistol was lawful and not in furtherance of his drug trafficking.  Those cases did not give him a strong defense to the § 924(c) charge.  In *Duran*, the court stated,

> Mr. Duran's argument that, as a matter of law, when all that is shown is possession for protection, possession in furtherance has not been established, . . . simply must fail in light of the case law discussed above, which holds that jurors are entitled to consider that drug dealers possess guns for protection to further drug trafficking offenses.

407 F.3d at 841 (internal quotation marks, alterations, and citations omitted). While a number of factors can be considered in distinguishing circumstantial or innocent firearm possession from possession in furtherance of drug trafficking, such factors include "accessibility of the firearm, . . . proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 840 (internal quotation marks, and citation omitted). Here, those three factors support a conclusion that Dixon's possession of the Glock pistol was not merely a coincidence and was instead in furtherance of his planned drug transaction. As the *Duran* court noted, "this is an arena where common sense must be our guide." *Id.*

In *Amaya*, the court concluded that the defendant's conviction was supported by sufficient evidence where he had carried a handgun, which can be easily concealed, with him to a drug sale. *Amaya*, 828 F.3d at 526. Those facts were also present in Dixon's case. *See also United States v. Lomax*, 293 F.3d 701, 706 (4th Cir. 2002) (holding that there was "more than sufficient evidence" that possession was in furtherance of drug trafficking where, among other factors, "the only thing of value Lomax had on him [to protect] was the crack").

Just as possession for protection is not as a matter of law insufficient to establish the furtherance element, the same is true for possession of a gun with a valid permit. A person with a permit to carry a weapon is not automatically exempted from liability under § 924(c). A decision to reject the favorable plea bargain based on a defense that his firearm possession was merely coincidental would not have been rational under the circumstances.

Likewise, the purported dishonesty of the agent and informant would not have provided a viable basis for challenging the search of Dixon's car. The cocaine and pistol were located in plain view on the passenger seat of the car. Officers did not need to enter the car to find incriminating evidence. Moreover, Dixon has not met his burden because he has not provided any details about the alleged misconduct. Under the circumstances, it would not have been rational for Dixon to reject the plea bargain so that he could challenge the search of his car. Any motion to suppress would not likely have been granted.

Dixon has not met his burden of establishing that his attorney committed an unprofessional error or that he was prejudiced in any way by his counsel's perceived shortcomings. For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

- 10 -

      DATED:   October 18, 2021

      /s/  JAMES P. JONES
      Senior United States District Judge